21-6154
Criollo-Jupangui v. Garland

BIA
Zagzoug, IJ
A206 094 948

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of July, two thousand twenty-four.

PRESENT:
> RICHARD J. SULLIVAN,
> WILLIAM J. NARDINI,
> MARIA ARAÚJO KAHN,
> *Circuit Judges.*

_____

SERVIO GERMAN CRIOLLO-JUPANGUI,
> *Petitioner,*

v.                                                          21-6154
                                                            NAC

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

_____

**FOR PETITIONER:**            Michael Borja, Borja Law Firm, P.C., Jackson Heights, NY.

**FOR RESPONDENT:**            Brian M. Boynton, Principal Deputy Assistant Attorney General; Justin Markel, Senior Litigation Counsel; Margaret A. O'Donnell, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Servio German Criollo-Jupangui, a native and citizen of Ecuador, seeks review of a February 22, 2021 decision of the BIA affirming a December 18, 2018 decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Servio German Criollo-Jupangui*, No. A 206 094 948 (B.I.A. Feb. 22, 2021), *aff'g* No. A 206 094 948 (Immigr. Ct. N.Y.C. Dec. 18, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

Because the BIA did not expressly adopt the IJ's decision but generally affirmed its reasoning, we review both the IJ's and the BIA's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d

2

Cir. 2006). We review fact-finding under the substantial evidence standard and we review questions of law and the application of law to fact *de novo. See Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

At the outset, we note that Criollo-Jupangui failed to exhaust all but his argument that the agency erred in finding no nexus between his alleged persecution and a protected ground. Because the government invokes that failure to exhaust here, we may not review Criollo-Jupangui's unexhausted arguments on appeal, including those he makes with respect to his CAT claim. *See Ud Din v. Garland*, 72 F.4th 411, 419–20 (2d Cir. 2023) (citing 8 U.S.C. § 1252(d)(1)) (explaining that issue exhaustion is a mandatory claim-processing rule "that a court must enforce . . . if a party properly raises it" (internal quotation marks omitted)). We thus proceed to Criollo-Jupangui's lone exhausted argument – that the agency erred in its nexus determination.[1]

---

[1] We cannot conclude, as the Government argues, that the unexhausted bases for the denial of asylum and withholding of removal are dispositive. The agency did not provide sufficient reasoning to support the finding that Criollo-Jupangui failed to establish that the authorities would be unable or unwilling to protect him. And because the burden of establishing that relocation would not be reasonable turns on whether there was past persecution on account of a

To establish eligibility for asylum or withholding of removal, a petitioner must show (among other things) that his "race, religion, nationality, membership in a particular social group, or political opinion was . . . at least one central reason" for his persecution. 8 U.S.C. § 1158(b)(1)(B)(i); *see also Quituizaca v. Garland*, 52 F.4th 103, 109–14 (2d Cir. 2022). Here, Criollo-Jupangui asserted that local gang members threatened, harassed, or assaulted him on three occasions because of his indigenous heritage. The IJ rejected this nexus argument, finding that Criollo-Jupangui was primarily targeted not because of his heritage but because of his romantic relationship with one of the gang members' wives.

We agree with the BIA that the IJ's conclusion was supported by substantial evidence. While persecutors may have more than one motive, *see Acharya v. Holder*, 761 F.3d 289, 297 (2d Cir. 2014), "the protected ground cannot play a minor role" – "[t]hat is, it cannot be incidental, tangential, superficial, or subordinate to another reason for harm," *In re J-B-N- & S-M-*, 24 I. & N. Dec. 208, 214 (B.I.A. 2007). Here, Criollo-Jupangui makes much of the fact that his assailants used indigenous slurs when they confronted him. But Criollo-Jupangui admitted that the attacks were motivated by his romantic relationship and that his assailants were upset

protected ground, it is secondary to the nexus determination.

4

because the gang member's wife had left him. Criollo-Jupangui also conceded that several of his indigenous friends were present during one attack and yet they were not harmed or even targeted by his attackers. Because this evidence supports the inference that Criollo-Jupangui's heritage played a minor role in the attacks, the agency did not err in concluding that he failed to establish a nexus. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 157–58 (2d Cir. 2008) ("[W]hen a petitioner bears the burden of proof, his failure to adduce evidence can itself constitute the 'substantial evidence' necessary to support the agency's challenged decision."). This forecloses Criollo-Jupangui's eligibility for asylum and withholding of removal. *See Quituizaca*, 52 F.4th at 115.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

5